CLERK, U.S. DISTRICT COURT
FEB -7 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA R. BATES-FLORES,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | NO. CV 07-332-JFW(E)<br><br>ORDER ADOPTING FINDINGS,<br><br>CONCLUSIONS AND RECOMMENDATIONS<br><br>OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the pleadings and other papers herein along with the attached Report and Recommendation of United States Magistrate Judge.

IT IS ORDERED that: (1) the Report and Recommendation is approved and adopted as the Findings of Fact and Conclusions of Law herein; (2) Plaintiff's Motion for Summary Judgment is denied; (3) Defendant's Motion for Summary Judgment is granted; and (4) Judgment shall be entered in favor of Defendant.

///

```
 1        IT IS FURTHER ORDERED that the Clerk shall serve forthwith
 2   a copy of this Order, the Magistrate Judge's Report and
 3   Recommendation and the Judgment by United States mail on the
 4   Plaintiff, counsel for Plaintiff and on the United States Attorney
 5   for the Central District of California.
 6
 7        DATED:    2/6             , 2008.
 8
 9
10   _____
11                JOHN F. WALTER
             UNITED STATES DISTRICT JUDGE
12
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA R. BATES-FLORES,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>        Defendant. | NO. CV 07-332-JFW(E)<br><br>REPORT AND RECOMMENDATION OF<br><br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable John F. Walter, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

Plaintiff filed a complaint on January 12, 2007, seeking review of the Commissioner's denial of disability benefits. The Magistrate Judge issued a scheduling order on January 16, 2007.

On September 10, 2007, Plaintiff filed a "Memorandum in Support of Plaintiff's Complaint" (Plaintiff's motion for summary judgment).[1] Defendant filed a motion for summary judgment on October 9, 2007, and a supplemental brief on November 26, 2007. Plaintiff filed a reply to Defendant's motion for summary judgment on October 24, 2007, and a reply to Defendant's supplemental brief on December 10, 2007. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed January 16, 2007.

## BACKGROUND

In an application for disability insurance benefits filed October 5, 1995, Plaintiff asserted disability beginning March 3, 1994 (Administrative Record ("A.R.") 75-79). In connection with this application, Plaintiff testified at administrative hearings occurring in 1999 and 2000 (A.R. 713-75). In support of her claim of continuing disability, Plaintiff presented evidence concerning a variety of alleged physical impairments.

In a decision dated May 15, 2000,[2] an Administrative Law Judge ("ALJ") found that Plaintiff's impairments disabled her from March 3, 1994 through October 31, 1995, but also found that Plaintiff could work at all times from October 31, 1995 through May 15, 2000 (A.R. 64-

---

[1] This document violates the 10-page limit imposed by the scheduling order. Despite this violation, the Magistrate Judge has considered all of the arguments presented in the document. Counsel for Plaintiff should heed court orders in the future, however.

[2] This decision followed an administrative remand (A.R. 400-403).

69). The Appeals Council denied review (A.R. 42-45).

On February 13, 2002, Plaintiff filed another application for disability insurance benefits (A.R. 526). The ALJ found Plaintiff's insured status had expired on June 30, 2000 (A.R. 25, 27). The ALJ heard testimony and examined the medical record, but appeared to exclude from consideration medical evidence dated after June 30, 2000, the date last insured (see A.R. 6, 24-28, 778). The ALJ observed there exists a presumption of continuing non-disability arising from the May 15, 2000 administrative decision (A.R. 25). The ALJ found Plaintiff had failed to prove changed circumstances between May 15, 2000 and June 30, 2000, and that Plaintiff otherwise had failed to rebut the presumption of continuing non-disability (A.R. 25-27). The Appeals Council denied review (A.R. 8-10).

### STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but

must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

**DISCUSSION**

After consideration of the record as a whole, the Magistrate Judge recommends that Defendant's motion be granted and Plaintiff's motion be denied. The Administration's findings are supported by substantial evidence and are free from material legal error.

I.  **The ALJ Correctly Determined that Plaintiff's Insured Status Expired on June 30, 2000.**

During the administrative proceedings, counsel for Plaintiff appeared to agree that Plaintiff's disability insured status expired in the summer of 2000 (A.R. 785-86). Nevertheless, Plaintiff now urges a December 31, 2000 expiration date as the product of an

assertedly more "equitable" calculation ("Plaintiff's Reply to Defendant's Supplemental Brief," filed December 10, 2007 at 2). As detailed in Defendant's supplemental brief, the ALJ's calculation of a June 30, 2000 date last insured was correct. Briefly, Plaintiff had a sufficient number of "covered quarters" for a June 30, 2000 date last insured, but an insufficient number of "covered quarters" for a December 31, 2000 date last insured when, as required, Plaintiff's prior period of disability benefits is excluded from the calculation (see "Defendant's Supplemental Brief, etc." at 2-5, and authorities cited therein).

II. **Substantial Evidence Supports the Conclusion Plaintiff Failed to Carry Her Burdens of Proof; Any Failure by the ALJ to Consider Evidence Dated After June 30, 2000 Was Harmless.**

A social security claimant bears the burden of "showing that a physical or mental impairment prevents him [or her] from engaging in any of his [or her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); see Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982). Plaintiff must demonstrate the severity of her impairments by "medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); 20 C.F.R. § 404.1508; 20 C.F.R. § 404.1512(b). Plaintiff must establish that she became disabled prior to the expiration of her insured status. See 42 U.S.C. § 416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. 404.131; see also Vertigan v. Halter, 260 F.3d 1044, 1047 (9th Cir. 2001); Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1458 (9th Cir. 1995) (where claimants apply for benefits after the expiration of their insured

status based on a current disability, the claimants "must show that the current disability has existed continuously since some time on or before the date their insured status lapsed").

Administrative res judicata imposed an additional burden on Plaintiff in the present case because of the May 15, 2000 decision. See, e.g., Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986); Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985).[3] A prior administrative decision finding a claimant not disabled creates a presumption the claimant was able to work beyond the date of the prior decision. Brawner v. Secretary, 839 F.2d 432, 433 (9th Cir. 1988). The claimant "has the burden of proving 'changed circumstances,' i.e. showing that his [or her] impairments have become more severe since the date of the earlier decision." Id. (quotations and citations omitted).

Plaintiff argues that medical evidence concerning Plaintiff's spine and heart reflect "changed circumstances" sufficient to rebut the presumption of continuing non-disability. However, as discussed below, there exists no evidence of any post-May 15, 2000 change sufficient to rebut the presumption. With regard to Plaintiff's

---

[3] The Court is mindful that "[t]he doctrine of res judicata should not be applied rigidly in administrative proceedings." Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988) ("Gregory"). In Gregory, the Ninth Circuit held it would be "inappropriate" to permit an unappealed administrative denial to bar a subsequent claim that added new alleged impairments not previously considered. Id. The Gregory Court also noted that the ALJ in the subsequent proceeding had reopened the prior claim. Id. By contrast, the present proceeding did not involve the addition of any significant impairments. Also, unlike Gregory, the ALJ did not reopen the earlier administrative proceeding.

spine, even an MRI as late as 2002 revealed only mild changes and no disc herniation or neural foraminal stenosis (A.R. 636; compare A.R. 386, 670; see also 679 (pre-May 15, 2000 scan of cervical spine), 681 (pre-May 15, 2000 scan of thoracic spine)). Plaintiff has complained of alleged back pain since at least the mid-1990s, and she complained of alleged back pain during the 1999 and 2000 administrative hearings (A.R. 337, 350, 727-28, 734, 738, 772). The May 15, 2000 decision did not find Plaintiff's alleged back pain disabling, and there exists no evidence that circumstances materially changed in this regard between May 15, 2000 and June 30, 2000.[4]

Similarly, there exists no evidence of any significant change with regard to Plaintiff's heart. Carotid ultrasounds performed in December 2000 and in August 2001 revealed only mild arteriosclerosis and thus was not significantly different from the carotid ultrasound performed in March 2000 (A.R. 486, 659, 668). An evaluation performed in March 2000 revealed no heart valve abnormalities (A.R. 490). An echocardiogram performed in January of 2004 also yielded normal results (A.R. 667).

The Court has examined the entire record, including the evidence the ALJ appears to have disregarded. None of this evidence demonstrates "changed circumstances" sufficient to rebut the presumption of continuing non-disability. Therefore, any error by the

---

[4] At the most recent hearing, the ALJ correctly indicated that the spine-related evidence touted by counsel for Plaintiff did not reflect any material change (A.R. 783-84).

7

ALJ in failing to consider post-June 30, 2000 evidence was harmless.[5]

### III. Plaintiff's Various Arguments Are Unavailing.[6]

Plaintiff argues that the ALJ should have better explained the conclusion that Plaintiff's impairments fail to meet or equal the Listings.[7] No material error occurred. The May 15, 2000 decision found Plaintiff did not have an impairment or combination of impairments that met or equaled any of the Listings (A.R. 68). Plaintiff failed to demonstrate any material change in circumstance after May 15, 2000. Plaintiff offers no theory regarding how any particular Listing might apply. A conclusory finding with regard to the Listings sufficed under the circumstances of the present case. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("It is unnecessary to require the [Administration], as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments. The [Administration's] four page 'evaluation

---

[5] Evidence generated subsequent to the date last insured can be relevant to an attempt to prove changed circumstances. See, e.g., Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995) ("medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition"). Nevertheless, for the reasons discussed above, any error in excluding post-June 30, 2000 evidence from consideration in the present case was harmless.

[6] The Court has considered and found unpersuasive each of Plaintiff's arguments. The Court discusses Plaintiff's principal arguments herein.

[7] The Listings, enumerated at 20 C.F.R. Part 404, Subpart P, Appendix 1, define impairments so severe as to establish a claimant's disability without further analysis. See Bowen v. Yuckert, 482 U.S. 137, 141 (1987).

of the evidence' is an adequate statement of the 'foundations on which the ultimate factual conclusions are based'"); Key v. Heckler, 754 F.2d 1545, 1549 n.2 (9th Cir. 1985) ("the ALJ examined the medical reports submitted by the various physicians and concluded that the preponderance of the evidence did not establish the existence of the findings necessary to support a showing of disability under the Listing of Impairments"); see also Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (ALJ did not err in failing to discuss the combined effects of the claimant's impairments or compare the impairments to any listing, where the claimant offered no theory as to how his impairments combined to equal any particular listed impairment).

Plaintiff argues that the ALJ failed properly to assess the opinion of Dr. El Sayed, a treating physician. No material error occurred. The May 15, 2000 decision expressly rejected the referenced opinion of Dr. El Sayed, stating sufficient reasons for doing so (A.R. 65-67). Dr. El Sayed's 1997 opinion obviously could not prove changed circumstances after May 15, 2000. Cf. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ need not discuss all evidence presented, and need explain only why significant probative evidence has been rejected).

Plaintiff argues that the ALJ failed properly to assess the credibility of Plaintiff's most recent testimony. Again, no material error occurred. In her most recent testimony, Plaintiff never suggested that any of her claimed symptoms worsened between May 15, 2000 and June 30, 2000 (A.R. 778-87). Thus, her testimony, even if fully credited, could not have carried her burden to prove changed

1  circumstances. Moreover, the ALJ properly pointed out that
2  Plaintiff's testimony regarding allegedly disabling symptomatology was
3  inconsistent with her lack of muscle atrophy. A lack of disuse muscle
4  atrophy can be a "clear and convincing" reason for rejecting the
5  credibility of a claimant who testifies to excess pain. See Osenbrock
6  v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001); see also Meanel v.
7  Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999). Additionally, as the
8  previous ALJ noted, Plaintiff's testimony regarding continuing,
9  disabling symptoms was inconsistent with her reported daily activities
10 of light cleaning, cooking, shopping and driving a car (A.R. 66-67,
11 336-37). Inconsistencies between claimed incapacity and admitted
12 daily activities also can justify the rejection of a claimant's
13 credibility. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
14 2002) (inconsistency between the claimant's testimony and the
15 claimant's conduct supported the rejection of the claimant's
16 credibility); see also Burch v. Barnhart, 400 F.3d 676, 680-812 (9th
17 Cir. 2005) (daily activities can constitute "clear and convincing
18 reasons" for discounting a claimant's testimony); Rollins v.
19 Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (claimant's testimony
20 regarding daily domestic activities undermined the credibility of her
21 pain-related testimony); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th
22 Cir. 1999) (inconsistencies between claimant's testimony and actions
23 cited as a clear and convincing reason for rejecting the claimant's
24 testimony).
25 ///
26 ///
27 ///
28 ///

**RECOMMENDATION**

For all of the reasons discussed herein, it is recommended that the Court issue an order: (1) approving and adopting this Report and Recommendation; (2) denying Plaintiff's motion for summary judgment; (3) granting Defendant's motion for summary judgment; and (4) directing that Judgment be entered in favor of Defendant.

DATED: January 11, 2008.

 _____/S/_____
          CHARLES F. EICK
     UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.